IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CHRISTOPHER TODD BOUDREAU, Defendant. | CR 22-46-M-DWM ORDER |

On April 26, 2023 Defendant Christopher Todd Boudreau moved to dismiss all charges on the basis that the government engaged in outrageous conduct when it allegedly "essentially manufactured the crime" for which he is being charged. (Docs. 49; 50 at 4.) The government opposes. (Doc. 53.)

"Dismissing an indictment for outrageous government conduct . . . is limited to extreme cases in which the defendant can demonstrate that the government's conduct violates fundamental fairness and is so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (internal quotation marks omitted). The burden is on the defendant to demonstrate that the government's conduct is outrageous. *See United States v. Edmonds*, 103 F.3d 822, 825–826 (9th Cir. 1996). "To establish entrapment as a matter of law, the defendant must point to undisputed evidence

1

making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." *United States v. Williams*, 547 F.3d 1187, 1197 (9th Cir.2008) (internal quotations marks and citation omitted). "Law enforcement conduct becomes constitutionally unacceptable where government agents engineer and direct the criminal enterprise from start to finish." *Black*, 733 F.3d at 310. However, "[t]here is no bright line dictating when law enforcement conduct crosses the line between acceptable and outrageous, so every case must be resolved on its own particular facts." *Id.* at 302 (internal quotation marks omitted).

Here, Boudreau is being charged with attempted coercion and enticement of a minor, 18 U.S.C. § 2422(b), and possession of child pornography, 18 U.S.C. § 2252(a)(5)(B). (*See* Doc. 1.) He alleges that the government entrapped him into criminal conduct that was both conceived and generated by the government. He further avers that because he was allegedly "induced to the alleged communications, and the travel to Missoula, by a manufactured personality[,]" the government manufactured the crime. (Doc. 50 at 4.) However, he does not demonstrate how the government "engineer[ed] and direct[ed] the criminal enterprise from start to finish." *See Black*, 733 F.3d at 310. Nor does he "point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the [allegedly] illegal act." *Williams*, 547 F.3d at 1197.

2

Ultimately, even Boudreau acknowledges that the standard for dismissal on outrageous conduct grounds are "extremely high" and that "the Supreme Court has yet to fully confirm such a claim." (Doc. 50 at 6–7.)

Accordingly, IT IS ORDERED that Boudreau's motion to dismiss (Doc. 49) is DENIED.

DATED this 12th day of May, 2023.

Donald W. Molloy, District Judge
United States District Court