IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–46–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| CHRISTOPHER TODD BOUDREAU, | |
| Defendant. | |

On October 6, 2022, Defendant Christopher Todd Boudreau was indicted on one count of attempted coercion and enticement, see 18 U.S.C. § 2422(b), and one count of possession of child pornography, see id. § 2252(a)(5)(B). (Doc. 1.) Boudreau moves to sever counts I and II for trial under Federal Rule of Criminal Procedure 14 arguing that the claims charged are not part of a common scheme and therefore must be severed to prevent unfair prejudice. (Docs. 68, 69.) The government argues no prejudice is possible because the jury may acquit Boudreau on either or both counts. (Doc. 85.) A motions hearing was held on June 15, 2023. (*See* Doc. 94.) Because Boudreau has not met his burden of showing why these properly joined counts must be severed, the motion is denied.

Between July 20, 2022 and July 28, 2022, Boudreau corresponded via Facebook Messenger and SMS with what he believed to be a 12-year-old girl

1

named "Mia" but was actually a government sanctioned alias being used by the Missoula County Sherriff's office. (*See* Doc. 78.) Boudreau was apprehended and arrested after he attempted to meet up with "Mia." (*See* Doc. 83.) Following his arrest, law enforcement secured a search warrant of Boudreau's residence in which they found child pornogrpahy. (*See* Doc. 67-1.)

Count I of the indictment alleges that for a period of 8 days in July 2022, Boudreau "knowingly and unlawfully used a means of interstate commerce, including the Internet and a cellular telephone, to attempt to persuade, induce, entice, and coerce an individual who he believed had not attained the age of 18 years, to engage in sexual activity" for which he could be charged with Sexual Intercourse without Consent, under Mont. Code Ann. § 45–5–503 or 18 U.S.C. § 2422(b). (Doc. 1 at 2.) Count II alleges that on July 28, 2022, Boudreau "knowingly possessed an image of child pornography, that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been transported in interstate commerce by any means, including the internet and a cellular phone." (*Id.*)

Federal Rule of Criminal Procedure 8(a) allows counts to be included in a single indictment for trial if the offenses "are based on the same act or transaction or are connected with or constitute parts of a common scheme or plan." Joinder is broadly construed and greatly favored. *See United States v. Vasquez-Velasco*, 15

F.3d 833, 844 (9th Cir. 1994). Here, Boudreau argues that the elements of the crimes are different and therefore they did not arise from "the same or similar character." Fed. R. Crim. P. 8(a). He is incorrect. The counts are "logically related by motive" as crimes regarding sexual abuse of a minor and they both occurred in July 2022. *See United States v. Hoelker*, 765 F.2d 1422, 1425 (9th Cir. 1985). Thus, the counts were properly joined.

Even if counts are properly joined under Rule 8(a), a court may order the severance of counts if it appears that joinder would prejudice the defendant pursuant to Federal Rule of Criminal Procedure 14(a). To require severance under Rule 14(a), joinder must be "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1971). The decision to sever is one that is within the wide discretion of the trial judge, *United States v. Smith*, 893 F.3d 1573 (9th Cir. 1990), and the burden is on the party being prejudiced to demonstrate prejudice sufficient to compel severance, *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986). When a jury is instructed to deliberate on the elements of each count separately, it "militates against a finding of prejudice." *United States v. Jawara*, 474 F.3d 565, 580 (9th Cir. 2007) (internal quotation marks omitted).

Boudreau argues that he will be unfairly prejudiced because the jury will witness the "emotionally disturbing nature of the graphic child pornographic images that the government will show to the jury to prove Count II[,]" which "will cause the jurors to automatically conclude he must be guilty of Count I." (Doc. 69 at 5.) And, he argues, that the "jury will not be able to compartmentalize the prejudicial effects of the graphic child pornography evidence" the government is likely to show. (*Id.* at 6.) In making these wild assumptions, Boudreau fails to provide any basis for why the jury will be incapable of considering counts independently when asked to do so. Nor does he provide any authority on which a district court has severed similar type offenses in similar situations. Ultimately, while Boudreau may be prejudiced by a government exhibit of the child pornography found on his computers, he has not met his burden of showing that the prejudice "outweighs the dominant concern with judicial economy." *Brashier*, 548 F.2d at 1323.

Accordingly, IT IS ORDERED that Boudreau's motion to sever (Doc. 68) is DENIED.

DATED this 15 day of June, 2023.

Donald W. Molloy, District Judge
United States District Court