IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–46–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| CHRISTOPHER TODD BOUDREAU, | |
| Defendant. | |

On June 12, 2023, Defendant Christopher Todd Boudreau moved unopposed to continue the June 26, 2023 trial in this matter to make time for a forensic analysis of his cell phone based on unsubstantiated arguments that the government may have tampered in some way with his messages. (Doc. 88.) He has waived his speedy trial rights through July 26, 2023. (Doc. 95.) In a motions hearing on June 15, 2023, the government explained that a forensic analysis has not been completed because of technical difficulties stemming from software used to extract information from the phone. Because the ends of justice are served by a limited continuance, the motion is granted.

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

1

speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. § 3161(h)(7)(B)(i), (ii), (iv). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, a continuance is reluctantly granted to permit the parties reasonable time for effective preparation, specifically Boudreau's unsubstantiated eleventh-hour request to analyze his own cell phone. 18 U.S.C. § 3161(h)(7)(B)(iv). This order has no bearing on the probative value of the putative evidence.

Accordingly, IT IS ORDERED that the defendant's motion (Doc. 88) is GRANTED as follows:

(1) The deadlines set in the May 12, 2023 Order (Doc. 58) are VACATED.

(2) The following schedule shall govern further proceedings in this matter:

- Trial Date[1]: **July 24, 2023, at 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

- Plea agreement deadline: July 15, 2023

- Expert disclosure deadline: July 16, 2023

- JERS deadline: July 18, 2023

- Jury instructions and trial briefs deadline: July 18, 2023

This schedule must be strictly adhered to by the parties. The November 2, 2022 Scheduling Order (Doc. 16) shall remain in full force and effect in all other respects.

IT IS FURTHER ORDERED that the time between June 26, 2023, and July 24, 2023 is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7)(B).

DATED this 16th day of June, 2023.

Donald W. Molloy, District Judge
United States District Court

---

[1] **Counsel shall appear in chambers a half hour before the scheduled trial.**